FILED
2024 Oct-09 PM 12:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DELANA BENFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 2:24-cv-01246-AMM |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# ANSWER

Defendant The Lincoln National Life Insurance Company ("Lincoln") answers the Complaint filed by Plaintiff Delana Benford ("Plaintiff") and states as follows:

## FOR A FIRST DEFENSE

1. Lincoln admits that this action is brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Lincoln admits that Plaintiff brings this action under 29 U.S.C. § 1132(a) and seeks to recover long term disability benefits from the Wells Fargo & Company Long Term Disability Plan (the "LTD Plan"), along with other damages and attorney's fees under 29 U.S.C. § 1132(g), but Lincoln denies that Plaintiff is entitled to any such relief. Lincoln admits that Wells Fargo & Company ("Wells Fargo") sponsored the LTD Plan to provide benefits to participating employees, and that Plaintiff was,

at certain times, employed by Wells Fargo and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Group Disability Insurance Policy ("Policy") that Lincoln issued to Wells Fargo, but Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln further admits that benefits from the LTD Plan were insured, at least in part, by the Policy, and that Lincoln was, at certain times, the claim administrator for Plaintiff's claim for benefits under the Policy that is the subject of the above-styled action. Lincoln further admits the Policy includes language pertaining to the definition of "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln further admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with other damages. Lincoln

specifically denies, however, that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln further admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

## **JURISDICTION**

4. Lincoln admits that this Court has jurisdiction over this matter, but Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln further admits that by this action, Plaintiff is seeking recovery of disability benefits from an ERISA plan, but Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that this Court has jurisdiction over this matter, but specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that venue is appropriate in this Court and that Lincoln is a lawfully incorporated insurance company that lawfully conducts business in the State of Alabama. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

**PARTIES**

7. Lincoln admits that Plaintiff was, at certain times, employed by Wells Fargo and that due to such employment was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that it is incorporated in Indiana and that it lawfully conducts business in the State of Alabama. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. To the extent the allegations contained in Paragraph 9 of the Complaint contain legal conclusions, Lincoln is not required to respond. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that Corporation Service Company, Inc., was, at certain times, its designated agent for service of process in certain states. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that it was, at certain times, the claim administrator for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that it issued the Policy to Wells Fargo, and that Lincoln was, at certain times, the claim administrator for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. To the extent the allegations contained in Paragraph 13 of the Complaint contain legal conclusions, Lincoln is not required to respond. Lincoln admits only that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

## THE PLAN

14. Lincoln admits that benefits from the LTD Plan were, at certain times, insured, at least in part, by the Policy that it issued to Wells Fargo. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that Wells Fargo sponsored the LTD Plan to provide benefits to participating employees of Wells Fargo, and that benefits from the LTD Plan were, at certain times, insured, at least in part, by the Policy that Lincoln issued to Wells Fargo. Lincoln further admits that Plaintiff was, at certain times, employed by Wells Fargo and that due to such employment was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that the LTD Plan is an employee welfare benefit plan as defined under ERISA. Lincoln further admits that Plaintiff was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definition of "Disability" and "Disabled" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the

Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definition of "Material and Substantial Duties" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that it sent a letter to Plaintiff's counsel dated January 9, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 19 of the Complaint seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definition of "Own Occupation" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln denies the allegations contained in Paragraph 20 of the Complaint.

21. To the extent the allegations contained in Paragraph 21 of the Complaint contain legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that Plaintiff was, at certain times, employed by Wells Fargo as a Customer Success Specialist. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan. Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln

refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan. Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that it sent a letter to Plaintiff's counsel dated January 9, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that it sent a letter to Plaintiff's counsel dated January 9, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that it received a letter from Plaintiff's counsel dated May 30, 2024, appealing the denial of Plaintiff's claim for benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that it sent a letter to Plaintiff's counsel dated June 4, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that it received letters from Plaintiff's counsel, appealing the denial of Plaintiff's claim for benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that it sent a letter to Plaintiff's counsel dated July 24, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that it received a letter from Plaintiff's counsel dated August 19, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that it sent a letter to Plaintiff's counsel dated August 26, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln denies the allegations contained in Paragraph 35 and 35(a)-35(i) of the Complaint.

36. To the extent that the allegations contained in Paragraph 36 of the Complaint seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definition of "Disability" and "Disabled" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, and Lincoln

refers to the Policy itself as the best evidence of its contents. Lincoln admits that it sent a letter to Plaintiff's counsel dated August 26, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln denies the allegations contained in Paragraph 37 of the Complaint.

38. Lincoln denies the allegations contained in Paragraph 38 of the Complaint.

39. Lincoln denies the allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for

recovery of LTD benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 41 of the Complaint.

Lincoln denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint, including Paragraphs a-d thereunder. Unless specifically admitted herein, Lincoln denies each and every allegation of the Complaint.

## **FOR A SECOND DEFENSE**

42. The claim and appeal determinations in this matter were reasonable and were not arbitrary and capricious or an abuse of discretion under ERISA.

## **FOR A THIRD DEFENSE**

43. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands,

and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

**FOR A FOURTH DEFENSE**

44. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the LTD plan and the Policy, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff, retirement income received by Plaintiff, and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's own or Plaintiff's dependent(s)'s behalf.

**FOR A FIFTH DEFENSE**

45. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**FOR A SIXTH DEFENSE**

46. Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln, Lincoln requests that the Court order their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

## FOR A SEVENTH DEFENSE

47. Plaintiff's claim against Lincoln is barred to the extent that Plaintiff failed to file this action within the applicable legal and/or contractual statute of limitations period.

## FOR AN EIGHTH DEFENSE

48. To the extent that Plaintiff's request constitutes a claim for breach of fiduciary duty under Section 502(a) of ERISA, the Complaint fails to state a claim upon which relief may be granted as a matter of law due to the availability of a claim for recovery of benefits under Section 501(a)(1)(B) of ERISA.

## FOR A NINTH DEFENSE

49. Plaintiff has failed to state a claim upon which relief can be granted.

## FOR A TENTH DEFENSE

50. To the extent that any of Plaintiff's causes of action asserts state or federal claims that are not based on ERISA, they are preempted by ERISA.

## FOR AN ELEVENTH DEFENSE

51. Lincoln reserves the right to assert additional defenses.

WHEREFORE, Lincoln prays that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 9th day of October 2024.

Respectfully submitted,

/s/ *Matthew W. Robinett*

Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

- *And* -

Iwana Rademaekers, Esq.
(*Pro Hac Vice Motion Pending*)
Texas Bar No. 16452560
Attorney for Defendant
LAW OFFICES OF IWANA
RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 9th day of October 2024, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

M. Clayborn Williams, Esq.
Email: clay@erisacase.com

s/ *Matthew W. Robinett*
Matthew W. Robinett